PAUL MEYER, PLAINTIFF-RESPONDENT, v. PETER LAGER-VELT AND YELLOW CAB TAXI COMPANY, DEFEND-ANTS-APPELLANTS.

Decided April 27, 1931.

Before Justices CASE, DALY and DONGES.

For the plaintiff-respondent, *Samuel Feld.*

For the defendants-appellants, *George F. Seymour, Jr.*

PER CURIAM.

The action is for damages growing out of a collision between an automobile owned and driven by the plaintiff and an automobile owned by the corporate defendant and operated by its employe and co-defendant, Peter Lagervelt. The jury rendered a verdict for the plaintiff and against the defendants, and the defendants appeal from the judgment entered thereon.

The grounds of appeal are (1) that the verdict is contrary to the weight of the evidence; (2) that there was no proof of the violation of any duty defendants owed to the plaintiff; (3) that there was no proof of negligence as against the defendants; (4) that the verdict rendered in favor of the plaintiff was the result of mistake, passion or prejudice on the part of the jury; (5) that the verdict is contrary to and inconsistent with the charge of the court, the issue raised by the pleadings and the evidence adduced in support of the

allegations or issue; (6) that the court erred in refusing defendants' motion for a nonsuit at the close of the plaintiff's case, and (7) that the damages awarded are grossly excessive and result from mistake, bias, passion, prejudice or partiality on the part of the jury.

The first, fourth, fifth and seventh reasons are not properly before us as grounds for appeal. It has been repeatedly held that the only matters properly coming before an appellate tribunal for determination are alleged errors committed by the court during the trial of the case. *Van Sciver* v. *Public Service Railway Co.,* 96 *N. J. L.* 14; *Ratz* v. *Hillside Bus Owners' Assn.,* 103 *Id.* 502. It is strange that counsel should so often disregard this elementary legal rule and particularly that phase of it which relates to the weight of evidence. *Osbun* v. *De Young,* 99 *Id.* 204.

There are no exceptions or objections noted with respect to points two and three (*Joseph M. Byrne Co.* v. *Snead & Co.,* 98 *N. J. L.* 256), except as the same may be embraced within point six, and therefore these points will not be separately considered.

On the proposition that the court erred in refusing defendants' motion for a nonsuit, it need only be said that the evidence of the excessive speed at which the defendants' car was being driven and the proof of the general circumstances surrounding the collision were sufficient, in our opinion, to take the case to the jury.

The judgment below will be affirmed, with costs.